**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Orle MORALES–RUIZ, also known as
Stevenson Delannoy–Sosa, also known
as Ruben Cereda, Defendant–Appel-
lant.**

No. 14–31296
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 2016.

Jon Michael Maestri, Assistant U.S. At-
torney, Kevin G. Boitmann, Assistant U.S.
Attorney, Diane Hollenshead Copes, Esq.,
Assistant U.S. Attorney, U.S. Attorney's
Office, New Orleans, La for Plaintiff–Ap-
pellee.

Orle Morales–Ruiz, Pollock, LA, pro se.

Before DAVIS, JONES, and GRAVES,
Circuit Judges.

PER CURIAM: *

Orle Morales–Ruiz was convicted of
falsely claiming United States citizenship
to obtain employment and one count of
aggravated theft. He was sentenced to an
above-guidelines sentence of 24 months for
the false claim of citizenship offense and a
consecutive 24–month sentence for the ag-
gravated theft offense. He was also sen-
tenced to a total term of three years of
supervised release and ordered to pay a
within-guidelines fine of $2,500.

On appeal, Morales–Ruiz challenges the
substantive reasonableness of his fine and
his 24–month sentence for the false claim
of citizenship offense. Because he raises
these arguments for the first time on ap-
peal, our review is for plain error. See
Puckett v. United States, 556 U.S. 129,
135, 129 S.Ct. 1423, 173 L.Ed.2d 266
(2009); United States v. Peltier, 505 F.3d
389, 391–92 (5th Cir.2007).

Morales–Ruiz's arguments challenging
the fine were rejected in United States v.
Pacheco–Alvarado, 782 F.3d 213, 217–22
(5th Cir.2015). Nothing in the record or in
Morales–Ruiz's arguments compels a dif-
ferent conclusion here.

As to the substantive reasonableness of
the above-guidelines 24–month sentence,
the record demonstrates that the district
court made an individualized assessment of
the facts and determined that a sentence
within the advisory guidelines range was
insufficient to achieve the sentencing goals
set forth in 18 U.S.C. § 3553(a). The dis-
trict court adopted the presentence report,
which detailed Morales–Ruiz's personal
history, and it acknowledged the recom-
mended guidelines range of two to eight
months. The district court was particular-
ly concerned, however, with Morales–
Ruiz's criminal history and the danger his
criminal conduct had posed to the public in
the past and could pose to the public in the
future. Morales–Ruiz's mere disagree-
ment with the court's assessment of the
§ 3553(a) factors does not establish that
the sentence was an abuse of discretion or
unreasonable, much less that it was plainly
erroneous. See Gall v. United States, 552

---

\* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

AFFIRMED.